2022, 1376. Mr. Winters, when you are ready. Good morning, Your Honors. It pleases the Court, Paul Winters for Olliars, Inc. In a case of actual controversy, the flush language of 74-28-82 authorizes declaratory relief, and the IRS fails to determine the foundation classification of a requesting organization as here. The controversy in this case arises from the service's failure to make a determination as to Olliars' foundation classification. Well, you didn't use the right form. Thank you, Your Honor. Is that correct? Well, no, Your Honor. We filed a letter of request, as is permitted under the Applicable Rep Proc 4.07, provides that where no other form is applicable, that the taxpayer may file a letter of request. How about 1023? Form 1023, Your Honor, is inapplicable on its face. It's an application that's for a recognition of tax exemption under Section 501c3. Olliars, in the administrative record, in this letter of request, made clear that it was not seeking tax exemption under 501c3, but instead, a classification as a non-private foundation classified under 170b1a1, independent of its classification with respect to tax exemption. Your letter of request, though, indicated you were seeking an initial classification or reclassification. Submitted the fee, I think, that was corresponding to the reclassification. Said it didn't want 501c3 tax exemption, as you just mentioned. It was, I think, a confusing request that the IRS received. Would you allow, would you agree with that? We would say, Your Honor, the user fee that we... Unusual and not consistent with anything that the IRS would expect to see, particularly given the discrepancy between the fee and an initial classification request. My recollection, Your Honor, is that the user fee that was actually paid correlates to a letter determination. It wasn't the user fee related to the 8940. It may correspond to a bunch of things. It was $400, so it could be a bunch of things, but it didn't correspond to what you were really asking for, which was an initial classification. Would you agree with that? No. Actually, the initial classification, there's no form, really, that is provided for an initial classification of foundation status, so it corresponded to the user fee that was required for the letter determination. All right. Well, what about the larger point of this was not something the IRS had seen or sees often, and so it took it some time to figure out what was going on, and then you ultimately had to clarify for the IRS some months into the process what you were really asking for, right? That's correct, Your Honor. We admit that it's an unusual way to approach that typically when churches are asking for a foundation request, they, or foundation classification, they're typically filing a Form 1023 in Schedule A, but because tax exemption was not the issue that Aliara sought at the time of the request, it was not an appropriate form to file on its face. The controversy has led to now three and a half years of the IRS, after the IRS received the request, the organization faces substantial legal uncertainty regarding a number of aspects of its operations, such as the status of retirement plans, FICA withholding obligations, things like payment of unemployment tax, and because of that, because of the actual controversy that we feel has been raised that's required under 7428, we asked this court to direct the Court of Federal Claims to declare that Aliara is a non-private foundation under 170B1A1. Isn't it your burden to show that the Court of Federal How do you suggest that you did that? We think that the straight language of 7428 provides, it provides that when the service fails to provide a determination within two, when it fails to provide a determination, their jurisdiction lies, and that requirement can be met under 7428B by the lapse of 270 days, which certainly happened in this case. Aliara has waited nearly a year before filing its letter request, so. It was only about six months after your clarification, so why shouldn't we say the clock didn't start till the clarification call? Right. The regulation states from the date filed and the call that Aliara received regarding the classification itself was really a clarification question. It was a question trying to understand what we were doing. We, it only, the IRS only asked that Aliara resend what it had originally submitted. It didn't ask for any new information, didn't ask for any additional clarification, it didn't instruct us to file a certain form. I thought you alleged, you clarified that it's an initial classification as opposed to a reclassification that you were seeking. That was unclear to the IRS until that call, it seems. It may have been unclear to the IRS, but that didn't toll the 270 day clock. The 270 day clock began at the time that the service received the application and submitted the user check for processing. Who bears the burden of showing that Aliara does or does not qualify as a church? Your Honor, Aliara submitted a treasurer regulation, a definition under 1.511-2 to show that it is classified as a church under that test, which the tax court and the tax payers about how to qualify as a church. We also in our complaint submitted that we pass muster under the associational test that this court has acknowledged is one of the tests that courts may use to determine whether an organization is described as a church. Of course, all these definitions are, or all these descriptions are just that, descriptions not definitions. Did you, did you answer my question though of who bears the burden? With respect to? Whether or not Aliara does or does not qualify as a church. I think it's probably a one word answer I'm looking for. We think we have, we have, we have. Yes, Your Honor. Thank you. And, and to determine if you met your burden, you acknowledge it's your burden, we would look to what you submitted, which the court of federal claims really boiled down to is, is that right? Or is there, is there more that we should look at to see if you met your burden? Your Honor, the one page statement of facts or one and a half page statements of facts was not the only section of facts that, where we demonstrated that we do qualify as a church under 1.5, the 1.511-2 test. In fact, the court of claims made several material errors in its complaint contained as well as the administrative record. In particular, it concluded or it seemed to infer that Aliara was instructed to file form 1023. It was not, it was. Right, okay. But on the question of whether you met your burden under either our associational test or the 14-factor test, I didn't see where you, I see where you assert that you did, but I didn't see where you go through the factors and, and, and, you know, respond substantively to the things that would be necessary if you engage with that test. Did I miss it or is it in there? Well, Your Honor, we think it's important to think about that question through the lens of the role of the CFC in that case. And we think that the role of the CFC was to review the action or the inaction of the administrative agency itself. Taking all, all... Where is there evidence of membership? Can you just like maybe point me to a page in the record or something? Yes, in the administrative record, in the sealed record at pages 136 to 145 of the appendix, there are express references in the appendix to members. There are express references to each of the factors, four main factors that are set forth in 1.511-2. For example, that it's an integral part of another church. For example, that it facilitates sacramental function. There are a number of where, there are a number of places in that, in those 10 pages where both in the statement of facts and in the analysis sections, we argue and we articulate how Oliares fulfills those functions on behalf of the sole member of the ecclesiological trust. If the Court of Federal Claims invited you to submit more evidence, you declined. Obviously, we don't take evidence, but if we look at these pages and we think no one could believe that you've actually met your burden under these tests, where would that leave us? What would we do in this appeal? Well, we would say that this court's role, again, is to evaluate the action of the service or inaction, that under the tax court rules, this court takes the administrative record to be true, and that the burden, because the IRS did not shift in initial controversy cases or initial determination cases, that burden shifts to the IRS to show why we're not a church, to the government to show why we're not a church. The government can't meet that burden because it didn't provide any response whatsoever, and so Oliares is entitled to the declaration. And maybe I'm missing something, so I apologize if I am. Did you go through each of the 14 factors or so in these pages that you cited, or did you just kind of go through certain pick and choose? I'm just trying to get a sense of what I'm going to expect when I'm looking at these pages. In the appendix itself of the letter request? Yes. Yes, Your Honor. We went through fairly carefully and showed not just in the one and a half pages statements of fact, but the application of the law section following that, paragraph by paragraph, to show how we were an integral part of a church, that we carried out the functions of a church. There was a description of Oliares' theology and the role that Oliares plays in mediating that theology to its members on behalf of the church. Can we talk about sealing just for a quick second? It's unclear to me, and I'm not asking you to disclose the substance of what's sealed, but how do I figure out what is still under seal? Because it seems like almost everything that you were concerned with is now public. Yes, Your Honor. We take your point that the cat is out of the bag with respect to some of these things. There are remaining things that are unsealed. The sealed version of our pleadings before this court, we would respectfully ask to remain sealed because they do implicate sincerely held religious beliefs of a confidential nature, and the release of those things we think would burden our religious rights. Is that it, though, just evaluate your briefs filed here? Yes, Your Honor. The order is already public, and so the briefs that we filed before this quarter, it would be important to Oliares for those to remain sealed. But you're not asking us to do anything with respect to what was below. You're just asking us with respect to... Yes, that's published, Your Honor. Okay, thank you. That's helpful. I see him at my rebuttal time. We will save this for you. Mr. Christensen. Thank you, Your Honors, and may it please the court. Jacob Christensen for the United States. Oliares is apparently a secretive organization that is seeking classification as a public charity, specifically a church, together with all the evidence under the proper test established by this court to prove its claim that it is a church. In the Court of Federal Claims, the court, as the court has recognized, in fact, ordered Oliares to provide evidence that it qualified as a church because the letter request that Oliares had test, which this court has applied as... Is their filing somewhat unusual? Is it, in your experience, fairly rare to get these sort of letter requests, or... I'm just trying to understand. It's absolutely unusual and improper under the revenue procedure. The reason is that in order to grant an initial classification as to private foundation status versus public charity, a predicate determination must be made as to whether the organization is a 501c3 organization. So there is no such thing as a request for an initial classification as a private versus public charity. So typically, would they go through the form 1023 in terms of what you would typically expect to see? Repeat that, please. Would it typically be that it would form 1023 that would be filed? That is the form that Oliares should have used here. That was the proper form because that form contains the information to make a determination with respect to 501c3 status initially, and then the second step is to determine whether that 501c3 organization is a public charity or a private foundation. And the form 1023 solicits specific information in Schedule A that would provide the IRS with the information under the 14-criteria test that the IRS applies. And this court has recognized that the 14-criteria test overlaps with the associational test, and in the foundation of human understanding case, this court clearly adopted the associational test as the proper test to determine whether an organization qualifies as a church. That test looks to whether there is a regular congregation, to whether there are regular religious worship services where the members can gather in communal worship together. Are you saying that a letter could not suffice no matter what it concluded or just that it didn't include enough information here? I would not say that if a letter request were submitted that contained all of the information that is specified in the form 1023, I'm not prepared to say that that wouldn't be a substantially complete application. But in this case, the letter request had no relevant information with respect for making a determination. And I think they don't want to be a 501c3. Is there something that requires them to apply for 501c3 status? So they certainly are not required to apply for that status if they want to take advantage of the presumption that a self-proclaimed church may presumptively be a church. But if they want to obtain an official determination from the IRS, then they must, as a predicate, the IRS must first determine whether it's a 501c3 organization. Because all churches as described in section 170 are 501c3 organizations. Section 170, which describes church in this case, deals with charitable contributions. And it describes the church as being an organization that is eligible to receive a charitable contribution. And in paragraph C of section 170, charitable contribution is plainly defined as a contribution that's made to a 501c3 organization that can accept that donation. And then the donor can qualify for a deduction. So I'm saying that... Does 170c preclude, as a matter of law, Aliera's from doing what it wanted to do, which is not be a 501c3, but nonetheless still be a non-private foundation. Yes, absolutely. 501c3 is a predicate. The claims court dismissed the case for lack of subject matter jurisdiction. Was that correct? Or should it have dismissed for failure to comply with the requirements of the law? So the failure on Aliera's part to provide relevant evidence supports both rulings. First, the court without relevant facts, there's no actual controversy. The court does not have sufficient facts to decide one way or the other whether Aliera qualifies as a church. And that was the problem here. That's a failure to comply with the law. Well, I agree with that. I agree that the lack of facts also supports the failure to prove up its claim. But because jurisdiction is a threshold issue and the lack of facts also supports a lack of an actual controversy, the court was right to rule on that basis. If we disagree with the court on the subject matter jurisdiction question, do you still believe that you can win and that we would affirm? Yes. Yes, Your Honor, because the Court of Federal Claims has already ordered Aliera's to provide evidence upon which it could make a determination. And Aliera's refused to comply with the court's order. And the court explained in issuing that order to Aliera's, the court explained that without evidence, the plaintiff is a church as defined by section 170, we cannot proceed on the request for a declaratory judgment. The court can't make a determination one way or the other. If the relevant facts were known, I would say the IRS may agree that Aliera's is a church. What is your response to opposing counsel's suggestion that the relevant facts are located, I believe, in appendix page 136? I disagree. The letter request did not address at all the associational test or the 14 criteria test. Instead, it focused on an irrelevant and opposite test under the unrelated business income provisions under section 511, which is not the proper test for a church under this court's precedent and foundation of human understanding. So there are no relevant facts under the proper test, which was the dilemma that faced the Court of Federal Claims, and which is why the court specifically ordered Aliera's to submit evidence. And Aliera's declined to do that. When they declined, they pointed to the government as support for their decision to decline. They said this is the status of this appeal from the service is such that we can't add to the merits. They can't add to the record to support our position on the merits. And they pointed to you making the very same argument. So weren't you both right? Well, so they cited to a footnote in the government's brief where we reserved the right to object to new evidence. But the government never filed an objection or a motion to reconsider the court's order. So the order was already in place that Aliera's provide evidence. We didn't ask for the court to reconsider that motion. Generally, the administrative record rule is meant, in fact, to protect the IRS. It's meant to prevent a petitioner from introducing new evidence in litigation that was never first presented to the IRS. So the Court of Federal Claims was being generous, in fact, in allowing them an opportunity to submit evidence that they had failed to submit in the administrative proceedings to prove their claim that they were a church. But Aliera's refused to comply with that order. The court was really left with no alternative but to dismiss the case. So I would submit that any remand wouldn't be helpful because the court was reasonable in doing what it could to receive evidence. And without relevant information, the court simply can't make a determination. But there was a case of controversy. Right. Yeah, yeah. No actual case of controversy. Like I say, were the relevant facts known, the IRS may actually agree that Aliera's is a church. But we don't know because we don't have that information. The IRS didn't respond, never at least told Aliera's to file Form 1023 or show us evidence of how you meet the associational test or I don't think ever even said you're prohibited from asking for recognition without also seeking a 501c3 exemption. It doesn't seem like the IRS did anything and that's part of the complaint here. How can that be right that you didn't have an obligation to do something? So the record on that issue is somewhat sparse, I would say. What we have is paragraph 40 of the complaint where Aliera's admits that the IRS in fact did reach out and contacted Aliera's attorney and discussed concerns. The issues discussed were first, you didn't file the form that you would need for a reclassification, which is the form 8940. You didn't file that form. Although as your Honor pointed out, the fee submitted with the request was $400, which does correspond to a reclassification request. So that issue was raised during the conversation and we also know that the fact that Aliera's had not submitted a Form 1023, which is the form used to make an initial request for private foundation versus public charity status, was also brought to Aliera's counsel's attention during that phone call. So I would say that the IRS did reach out, did raise these concerns, at least based on the information and the allegations in paragraph 40 of the complaint. But Aliera's counsel decided to persist doing this its own way with a letter request rather than using the forms that had been submitted. So the 270 starts running the day they submit whenever they submit and he's got a right to to bring a complaint on day 271 no matter how incomplete or no matter what the IRS has done if you haven't made a determination. Is he right about that? No, that's incorrect because the 270 day period doesn't start to run until a substantially complete application has been filed. Here they never did that. And in addition, the 270 day period doesn't start to run when the IRS receives a request and refuses to accept it for processing, which is what happened here. The IRS didn't fail to make a determination. The IRS received a letter request and ultimately determined that it could not process it and determined to issue a refund. So it was never accepted for processing and the revenue procedure explains that when a request is not accepted for processing, that that is not to be considered either a determination or a failure to make a determination under section 7428. So the 270 day period never started to run in this case. Did the IRS ever tell Aliera's that's not accepting the request? The IRS was in the process of this litigation was initiated and so the actual refund was not issued until later. So the answer is the record doesn't contain any evidence that the IRS had further contact with Aliera's. Presumably that would have happened along with the refund when that was issued had the litigation not commenced and started a litigation freeze on everything. If there are no further questions. Thank you, counsel. Thank you. Mr. Winters has up to three minutes for rebuttal. Your Honor, the government was required to notify our client if they're of any deficiency. The Treasury Reg. 601201E9 says that. Their own revenue procedure says that. They didn't provide any notice of any deficiency nor any notice of an intent not to and cannot, we don't think, provide any example of a court ruling that a petitioner did not exhaust administrative remedies when, as here, the service both fails to make a determination and fails to provide notice of deficiency. And for good reason, such an outcome would render 7428A2 meaningless. The purpose of the statute is to provide relief of exactly the type that we note that the tax code does bifurcate tax exemption from foundation classification. An example of that, as we illustrate in our brief, is 4947A, where you have non-exempt charitable trust. Another example is in the Branch Ministries case, affirmed by the D.C. Circuit, which found that even though the petitioner in that case was a bona fide church, it was nevertheless not described under 501C3. Olliars followed the revenue procedure instructions exactly. The government's argument that Olliars' letter was incomplete, as the Court and People's Translation Service stated, comes too late, because the service never made a determination Olliars did not have an opportunity to address any deficiencies that the IRS may have perceived. Further, the plain language of Form 1023 makes it clear that that form is inapplicable for Olliars' application. And it's not as though that Olliars could have predicted that the IRS just wouldn't respond at all. Olliars wants clarification as to the status to clarify certain legal responsibilities. Three and a half years after submitting its request, those responsibilities remain uncertain. Finally, Your Honor, we would note that this Court, in Smith-Klein, has found that an appellate court can make a finding of facts, even when the evidence is disputed, if, as a matter of law, the Court could only make one finding of fact or decide the facts a certain way. Otherwise, as this Court is concerned about, protracted litigation and places the burden of proof on the government, only one possible outcome is possible from the administrative record. Forcing Olliars to spend several more years in court to return with an appeal on the same record contravenes the purpose of 7428. And with that, we thank the Court. Thank you, counsel. The case is submitted. That concludes our arguments for this morning.